UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ABDULKADIR ALI,

                           Plaintiff,

                                                                  6:23-CV-1115
v.                                                                  (GTS/ATB)

ONEIDA COUNTY DISTRICT ATTORNEY;
SCOTT D. McNAMARA, District Atty.;
GRANT GARRAMONE, District Atty.; and
TODD CARVILLE, District Atty.,

                           Defendants.
_____

ABDULKADIR ALI,

                           Plaintiff,

                                                                  6:23-CV-1116
v.                                                                 (GTS/ATB)

UTICA POLICE DEPARTMENT;
PETER PALADINO, Badge #6290, Investigator,
Police Officer, Utica Police Dept.;
MARK WILLIAMS, Chief of Police, Utica Police Dept.; and
JOSEPH TREVASANI, Badge # 8529, Investigator,
Police Officer, Utica Police Dept.;

                           Defendants.
_____

APPEARANCES:

ABDULKADIR ALI, 35997
  Plaintiff, *Pro Se*
Oneida County Correctional Facility
6075 Judd Road
Oriskany, New York 13424

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in the two above-captioned *pro se* civil rights actions filed by Abdulkadir Ali ("Plaintiff"), the first against the Oneida County District Attorney and District Attorneys Scott D. McNamara, Grant Garramone, and Todd Carville ("Defendants") (Case No. 6:23-CV-1115, hereinafter referred to as *Ali I*) and the second against the Utica Police Department, Chief of Police Mark Williams and officers Peter Paladino and Joseph Trevasani ("Defendants") (Case No. 6:23-CV-1116, hereinafter referred to as *Ali II*), is United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Plaintiffs Complaint in *Ali I* be dismissed in its entirety with prejudice, Plaintiff's claims against the Utica Police Department in *Ali II* be dismissed with prejudice, and Plaintiff's remaining claims in *Ali II* be dismissed without prejudice to amendment within a period of forty-five days. (*Ali I*, Dkt. No. 7; *Ali II,* Dkt. No. 8.) Plaintiff has not filed an objection to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheets.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation.[1] Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order t accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

is accepted and adopted in its entirety for the reasons set forth therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 7) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's *Ali I* Complaint (*Ali I*, Dkt. No. 1) is **DISMISSED in its entirety with prejudice and without leave to amend**; and it is further

**ORDERED** that Plaintiff's *Ali II* Complaint (*Ali II*, Dkt. No. 1) is **DISMISSED with prejudice** to the extent it asserts any claims against Defendant Utica Police Department; and it is further

**ORDERED** that Plaintiff's *Ali II* Complaint (*Ali II*, Dkt. No. 1) is **DISMISSED without prejudice and with leave to amend** as to the fabrication-of-evidence claims asserted against Defendants Paladino, Williams and Trevasani; and it is further

**ORDERED** that should Plaintiff wish to file an Amended Complaint in the *Ali II* action (with respect to the claims being dismissed with leave to amend *only*), any such Amended Complaint must (1) be filed within **FORTY-FIVE (45) DAYS** of the date of this Decision and Order, (2) be a complete pleading that complies with the pleading standards set forth in Federal Rules of Civil Procedure 8 & 10 and Local Rule 10.1, and (3) supercede and replace the original Complaint filed in this action in all respects; and it is further

**ORDERED** that, should Plaintiff file an Amended Complaint within the above-referenced forty-five (45) day time period, the Amended Complaint be returned to Magistrate Judge Baxter for further review pursuant to 28 U.S.C. § 1915.

Dated: December 20, 2023
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge